IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TONEY CURTIS SR. § | |
| § | |
| V. § | A-15-CA-661-LY |
| § | |
| REVA L. TOWNSLEE CORBETT, § | |
| TAMMY BRAUNER, § | |
| TRAVIS FLEETWOOD, and § | |
| PRESIDING DISTRICT ATTORNEY § | |
| OF JULY 16, 2015 § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the the Washington County Jail. According to Plaintiff, he had a bond hearing in Washington County on July 16, 2015, over which Judge Reva L. Townslee presided. Also in attendance were Plaintiff's attorney, Travis Fleetwood, and an unnamed prosecuting attorney. Plaintiff complains Tammy Brauner, District Clerk of Washington County, gave his civil rights complaint, mistakenly mailed to the Washington County District Clerk, to the prosecuting attorney instead of mailing the

complaint back to Plaintiff. Plaintiff alleges his civil complaint was discussed at his bond hearing where no one had the right to discuss his complaint or review its contents. Plaintiff contends this violated his constitutional rights.

After the Court reviewed Plaintiff's complaint in this case, it ordered Plaintiff to file a more definite statement explaining how each of the named defendants violated his constitutional rights. With regard to Judge Corbett Plaintiff asserts she violated Plaintiff's constitutional rights by

> taking upon herself to act as if she was appointed judge while under the color of state law to view its contents, question me about its contents and present the matter to the court appointed attorney Travis Fleetwood as if he was appointed or hired attorney over my civil matter.

Plaintiff alleges Judge Corbett exposed the contents of his civil complaint to the public and those in attendance at his bond hearing. Plaintiff claims "Judge Reva Corbett did prevent the execution of a civil process by having its contents of legal private federal documents in her possession July 16 2015 my civil process."

With regard to District Clerk Tammy Brauner, Plaintiff alleges she violated his constitutional rights by "passing [his] federal and legal documents to another to obtain knowledge of [his] private civil complaint against the Washington County Sheriff's Department." According to Plaintiff, Brauner should have returned Plaintiff's mistakenly mailed civil complaint back to him through the U.S. mail instead of giving it to a jailer to pass to him. He claims Brauner violated his rights by "preventing the execution of a civil process" and bringing about harassment by the courthouse staff and the Washington County Sheriff's Department. He believes her actions may have also caused the denial of bond in his criminal case.

Plaintiff alleges Travis Fleetwood had no right to act as if he was representing Plaintiff in his civil complaint and had no right to view the contents of the civil complaint. Plaintiff contends Fleetwood participated in the "act of preventing execution in a civil process." He appears to believe the denial of bond was also caused by Fleetwood.

With regard to the prosecutor, Plaintiff contends his possession of the civil complaint violated Plaintiff's constitutional rights. Plaintiff further contends the prosecutor violated his rights when he passed the civil complaint to the judge and when he exposed the civil matter to the public. Plaintiff opines the prosecutor showed prejudice at the bond hearing because of the contents of the complaint. In addition, Plaintiff alleges the prosecutor violated his rights by "preventing the execution of a civil process."

In his more definite statement, Plaintiff explains he mistakenly mailed his civil rights complaint to District Clerk Brauner. In that complaint, he sued Dr. Yoffe, the Washington County Jail doctor, and the sheriff for denial of adequate medical care. With regard to the Court's question of how the mentioning of the civil complaint in Plaintiff's bond hearing was a violation of Plaintiff's constitutional rights, Plaintiff responded

> neither of the defendants had rights to view, be in possession[,] act as counsel or discuss its contents in the Washington County courthouse when they were not appoint[ed] District Attorney, Appointed Judge, Appointed or hired counsel. By my civil complaint being at my bond hearing was an act of preventing the execution in a civil process. The Washington County District Clerk had no right to pass my private complaint around.

Plaintiff seeks an order prohibiting the defendants from ever violating his constitutional rights again in the Washington County Courthouse or be shown prejudice because of his civil complaint while

he is defending his criminal case. Plaintiff also requests compensation for the violation of his constitutional rights and exposure of his civil legal documents and its private matters.

On September 3, 2015, a month after the Court received Plaintiff's complaint in this case, the Court received Plaintiff's civil rights complaint against Doctor Yoffe and the Washington County Jail. See Curtis v. Washington Cnty. Jail, No. A-15-CV-736-LY (W.D. Tex.). The complaint is dated June 22, 2015, and is presumably the complaint he mistakenly mailed to the Washington County District Clerk. In that complaint, Plaintiff explains he had stitches in his stomach and they were poking out, causing him much pain. Plaintiff alleges he asked Dr. Yoffe whether he could get the stitches removed if he remained in jail for nine months. According to Plaintiff, Dr. Yoffe responded "no" and Plaintiff needed to "get done here with youre [sic] case here then get them taking [sic] out wherever you go from here." In his complaint, Plaintiff requested medical treatment.

In the more definite statement filed in the instant case, Plaintiff admits he received medical treatment shortly after his bond hearing. He fails to give credit to the defendants for prompting the medical treatment.

## DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

4

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

    B.    Judicial Immunity

Judge Corbett is entitled to absolute immunity for any acts performed as a judge. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction. Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. Mireless v. Waco, 502 U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. See Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. Mireless, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (quoting Mireless, 502 U.S. at 12). In the case at bar, Plaintiff does not complain of any actions taken by Judge Corbett that were nonjudicial in nature nor does he show that she was acting in the clear absence of all

jurisdiction when she considered at Plaintiff's bond hearing his mistakenly mailed civil complaint. Accordingly, Judge Corbett is therefore protected by absolute immunity.

      C.      <u>Prosecutorial Immunity</u>

The unnamed prosecuting attorney is also protected by absolute immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993); <u>Burns v. Reed</u>, 500 U.S. 478, 487-92 (1991); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." <u>Boyd v. Biggers</u>, 31 F.3d 279, 285 (5th Cir. 1994) (quoting <u>Buckley v. Fitzsimmons</u> 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. <u>Boyd</u>, 31 F.3d at 285; <u>Graves v. Hampton</u>, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. <u>Brummett v. Camble</u>, 946 F.2d 1178, 1181 (5th Cir. 1991), <u>cert</u>. <u>denied</u>, 504 U.S. 965 (1992); <u>Rykers v. Alford</u>, 832 F.2d 895, 897 (5th Cir. 1987).

The Court recognizes that not all prosecutorial functions are protected. In <u>Imbler</u>, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." <u>Imbler</u>, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In

Imbler, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in Burns, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. Burns, 500 U.S. at 493.

In the case at hand, Plaintiff challenges actions taken by the prosecuting attorney during Plaintiff's bond hearing which are clearly protected by prosecutorial immunity. In this action Plaintiff does not allege any actions taken by the defendant that were outside the course and scope of representing the District Attorney's Office in Plaintiff's criminal proceedings. Therefore, the prosecuting attorney is protected by absolute immunity.

    D.    State Actor

With regard to Plaintiff's claims against Travis Fleetwood, his court appointed criminal attorney, Plaintiff has not sued a state actor. The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim. Love v. King, 784 F.2d 708, 712 (5th Cir. 1986); Williams v. Kelley, 624 F.2d 695, 697 (5th Cir. 1980), cert. denied, 451 U.S. 1019 (1981). Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. See, Monroe v. Pape, 365 U.S. 167, 184 (1961); accord, Brown v. Miller, 631 F.2d 408, 410-11 (5th Cir. 1980). A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents. Dennis v. Sparks, 449 U.S. 24, 27 (1980). To prevail on a Section 1983 conspiracy claim against an otherwise private party, the plaintiff must allege and prove an agreement

between the private party and persons acting under color of state law to commit an illegal act and an actual deprivation of the plaintiff's constitutional rights in furtherance of that agreement. See, Hale v. Townley, 45 F.3d 914, 920 (5th Cir. 1995). In this case, Plaintiff does not a allege there has been a conspiracy to violate his constitutional rights.

### E. District Clerk Brauner

Construing Plaintiff's allegations liberally, as the Court must, Plaintiff may be alleging District Clerk Brauner denied him access to court. However, Plaintiff has not demonstrated his constitutional rights were violated.

Prisoners have a constitutionally protected right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977); Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir. 1993). This right of access for prisoners is not unlimited. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). Rather, it encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 351 (1996). Thus, to prevail on a denial of access to the courts claim under section 1983, a plaintiff must show an actual injury in connection with an identifiable legal proceeding. Id., 518 U.S. at 349-53.

Plaintiff does not allege he has been denied access to courts. Rather, he alleges he mailed his civil rights complaint to the wrong court and the District Clerk of Washington County informed the prosecuting attorney regarding the substance of the complaint. Plaintiff admits the District Clerk returned his civil rights complaint to him but complains it was delayed and not through the U.S. mail. The complaint was returned to Plaintiff with a note informing him he needed to file the complaint in federal court. After a brief delay, Plaintiff filed his complaint in federal court and has

not shown an actual injury. Accordingly, Plaintiff fails to state a valid constitutional claim with regard to the handling of his civil rights complaint.

Plaintiff also has not stated a constitutional violation against Defendant Brauner with regard to his bond hearing. Plaintiff merely alleges the clerk provided the mistakenly filed civil rights complaint to the prosecutor in his pending criminal case and he was denied release on bond after the contents of the civil rights complaint were discussed. The clerk is not responsible for the judicial determination made by the judge that Plaintiff be denied bond.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of October, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE